## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal Case No. 05-261(RWR)** |
| | : | |
| **ANTHONY BARLOW** | : | |
| **Defendant.** | : | |
| | : | |

## GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b). The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

## Factual Background

The defendant has been charged in a one-count indictment with: Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. Section 922(g)(1).

On November 12, 2004, at approximately 11:00 a.m., members of the Metropolitan Police Department (MPD) Major Narcotics Branch were conducting interdiction operations at Union Station, in Northeast Washington, D.C. Members of the unit were aboard Amtrak Train 79 and were speaking with passengers.

MPD Detective Lorenzo James spoke to the defendant Anthony Barlow, who was seated on the train. Detective James asked the defendant if he had any luggage with him, the defendant stated that he was not traveling with any bags. Detective James and MPD Officer Erick Alvarado observed

a blue duffel bag located in the overhead storage area where the defendant was seated. The defendant stated that it was not his bag, and he did not know whom the bag belonged to. Officers Alvarado and James asked each passenger in the train car the defendant was seated in if the bag belonged to anyone. The passengers denied ownership of the duffel bag.

A search of the bag revealed assorted clothing, a tooth brush, tooth paste, a cell phone charger and plug, and a Colt, MKIII, .357 caliber revolver, Serial Number 19901U, loaded with six rounds of assorted .357 caliber ammunition. The defendant again stated that the bag and its contents were not his, stated that he was on his way to North Carolina for a funeral, and offered to be fingerprinted and searched. According to Detective James, the defendant appeared to be nervous. The defendant then asked Detective James if he was in trouble. The bag and its contents were seized by the officers and the defendant was permitted to continue on his trip to Raleigh, North Carolina.

On or about May 25, 2005, DNA testing was performed on the Colt, MKIII, .357 caliber revolver, Serial Number 19901U, and the defendant's DNA was analyzed. The DNA results established that the defendant's DNA profile was on the firearm, and the likelihood of a random match in the African-American community is 1 in 220 million.

<u>**Other Crimes and Bad Acts by the Defendant**</u>

The government seeks to introduce the facts and circumstances surrounding defendant's previous gun related conviction. The defendant was found guilty of Criminal Possession of a Loaded Gun, In New York, on September 27, 1994. Also, at the time of the defendant's arrest in this case on December 1, 2005, the defendant was in constructive possession of a shotgun. The government will supplement additional facts when the police report have been received.

## Legal Analysis

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake.  See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000).  Importantly, this rule is one of "inclusion rather than exclusion."  Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance - - for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998).  In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility."  Id. at 1202.  As the Court stated in United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002)(citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible.  To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403.  Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice.  United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of

evidence in close cases" -- even when other crimes evidence is involved. <u>Moore,</u> 732 F.2d at 989.

<u>See</u> <u>Huddleston v. United States</u>, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so

concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that

restrictions would not be placed on the admission of such evidence").[1]

  In the instant case, the government must prove that the defendant possessed the gun and

ammunition that were ultimately recovered from the duffel bag knowingly and intentionally.  This

means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.  <u>See</u>

<u>Criminal Jury Instructions</u> (the "Red Book"), Instruction 4.29.  When the government supplements

this motion with additional facts from the police reports, all of the "other crimes" evidence described

above will show that it is highly probative of the defendant's knowingly and intentional possession

of the gun and ammunition in this case.  Moreover, this evidence will also establish that the

defendant's possession of the gun and ammunition were not the result of mistake or accident.  The

significant probative value of the evidence here is clearly <u>not</u> outweighed by the danger of unfair

prejudice in this case.  Whatever prejudice the defendant may perceive, moreover, can adequately

be addressed through the use of a limiting instruction to the jury.

  Numerous cases in this Circuit and others demonstrate that evidence of a prior or subsequent

---

  [1] As for the burden that must be met in presenting other crimes evidence, the Court is <u>not</u> required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court <u>neither</u> weighs credibility <u>nor</u> makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." <u>Huddleston</u>, 485 U.S. at 690 (emphasis added).  Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." <u>Id</u>. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct.  <u>Ibid</u>.

possession of a firearm is admissible as 404(b) evidence.  See United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002) (evidence of defendant's prior gun possessions admissible under Rule 404(b) "because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room").  As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'"  Id. at 793 (citation omitted).

In United States v. Brown, 16 F.3d 423, 424-26 (D.C. Cir. 1994),  the defendant had been charged with multiple drug and firearms charges.  The police executed a search warrant at a co-defendant's home and recovered drugs and guns in a safe, and the co-defendant and fingerprint evidence indicated the items in the safe belonged to defendant Brown.  Id. At 423-26.  When arrested three months later, defendant Brown was carrying a pistol and pager, and additional charges for this gun were added to a superceding indictment.  Id. at 424.

In addressing the conceded misjoinder, the Court held that the misjoinder was not prejudicial because, among other reasons, the evidence of the additional firearm on defendant Brown's person would have been admissible under Rule 403(b) in a trial of the original charges for the items in the safe.  Id. at 429, 430-32.  Specifically, the Court found that the gun recovered during the arrest was cross-admissible under 404(b) "because it was relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe during the November Search."  Id. at 431.  As the Court commented in next finding the evidence admissible under Rule 403, the evidence of defendant Brown's subsequent possession of a firearm "tends to make it less probable that the pistols found in the safe during the November Search were there by mistake or without intent."  Id. at 432.

While the fact that defendant Brown was arrested while carrying a pistol "could be a very prejudicial fact . . . . this prejudicial fact has considerable probative weight. Therefore, the gun, while a close call, also was cross-admissible." Id. at 432. See also United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm).

Several decisions from other circuits have similarly held that possession of a firearm on one occasion is probative of possession on an earlier or later occasion. See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of earlier possession of firearms properly admitted under Rule 404(b) as proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in prosecution for possession of unregistered machine gun, evidence of defendant's simultaneous and subsequent possession of handguns properly admitted under Rule 404(b) as proof of defendant's knowledge and absence of mistake or accident); United States v. Gomez, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (in trial involving carrying a firearm in connection with a drug trafficking offense, evidence of prior gun possession properly admitted under Rule 404(b) to prove, inter alia, absence of "accident or coincidence"); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) (in trial for carrying a firearm in connection with a drug trafficking crime, evidence of prior gun possession obtained from the execution of search warrants was properly admitted over Rule 403 objection because prior possession was probative of knowledge and absence of mistake); United States v. Teague, 737 F.2d 378, 379-81 (4th Cir. 1984) (in prosecution of a felon for possession of a gun, evidence of his subsequent offer to sell a gun was admissible under Rule 404(b) as evidence of intent, knowledge, and absence of mistake in his

possession of the gun).  Evidence of the defendant's prior possession of a firearms and ammunition should be admitted, therefore, to prove that the defendants' possession was knowing and intentional, as well as to show absence of mistake or accident.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____

ANTHONY SCARPELLI
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar No. 474711
Narcotics Section, Room 4816
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-1679

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by mail upon the attorney for the defendant, Rita Bosworth, Assistant Federal Public Defender 625 Indiana Avenue, N.W., Suite 550, Washington, D.C.  20004, the 18th day of  January, 2006.

_____
ANTHONY SCARPELLI
ASSISTANT UNITED STATES ATTORNEY