UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-261 (RWR) |
| | ) | |
| ANTHONY BARLOW, | ) | |
| | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

Anthony Barlow, by his attorney, Rita Bosworth, Assistant Federal Public Defender, respectfully submits this reply to the government's opposition to Mr. Barlow's Motion to Suppress Evidence and Request for Evidentiary Hearing in order to address in further detail the Miranda issues raised in Mr. Barlow's original motion.[1]

**ARGUMENT**

**The Government bears the burden of proving that Mr. Barlow waived his Miranda rights and, due to the disputed issues of material fact, it has failed to meet this burden.**

It is well established that "[t]he government bears the burden of proof by a preponderance of the evidence when the suppression motion concerns . . . a waiver of Miranda rights." United States v. Castaneda, 951 F.2d 44, 48 n.7 (5th Cir. 1992) (citing United States v. Hurtado, 905 F.2d 74, 76 (5th Cir. 1990)). In order to meet that burden of proof in this case, Mr. Barlow submits that the court must evaluate the evidence, including the credibility of the witnesses, at a suppression hearing, for statements at a suppression hearing are "material because they ha[ve] a

---

[1] At the status conference held on January 30, 2006, the Court advised Mr. Barlow that he should consider filing a Reply Motion in order to address the Miranda issues raised in his original motion in further detail. Though Mr. Barlow's Reply specifically addresses the Miranda issues, he continues to assert all claims initially raised in his original Motion to Suppress.

bearing on the determination of the credibility of the witnesses, which is crucial to determining matters such as voluntariness." United States v. Banguerra-Dia, 1999 WL 144462, *1 (E.D. La.., 1999). Here, there are material issues of fact in dispute as to the voluntariness of Mr. Barlow's statements, and the government bears the burden of proof as to all statements. As such, an evidentiary hearing is necessary to evaluate the evidence in this case, particularly the credibility of the witnesses.

**A. November 12, 2004, Statement on the Train**

As a result of the Fifth Amendment's protection against self-incrimination, the government may not use statements derived from custodial interrogation that was not in compliance with the requirements of Miranda v. Arizona, 384 U.S. 436 (1966). In Miranda, the Court established certain procedural safeguards to insure that the decision to forego the protection of the Fifth Amendment was a knowing and voluntary one. The government bears the heavy burden of establishing that proper Miranda warnings were given to the accused and that an intelligent and voluntary waiver of those rights occurred prior to questioning of the person. Id. at 475.

According to the ATF Report of Investigation submitted by Agent Jeffrey S. Meixner, Detective James and Officer Alvarado initially questioned Mr. Barlow near his seat on the train, then they moved him from his seat to a different part of the train away from other people, then they questioned him again, privately this time. Gov't. Opp'n at 2-3. It was only after this sequestration that Mr. Barlow asked Detective James "if he was in trouble." For purposes of Miranda, this constituted custodial interrogation because Miranda warnings are required *before* interrogation when a suspect is taken into custody or "otherwise deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444. The inquiry is "how a reasonable man

in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). Whether, under the circumstances, the interrogation exerted on the questioned person "pressures that significantly impaired his free exercise of his privilege against self-incrimination to require that he be warned of his constitutional rights." Id. at 437. The fact that the agents interrogated Mr. Barlow on the train does not alleviate the constitutional requirement that he be given his Miranda warnings. "The place where at interrogation takes place does not conclusively establish the presence or absence of custody. A deprivation of freedom may take place at one's home as well as at the police station." United States v. Jones, 630 F.2d 613, 615 (8th Cir. 1980); United States v. Carter, 884 F.2d 368, 371 (8th Cir. 1989) (holding that the interrogation of a mailroom clerk by postal inspectors in the office of the bank president in the presence of the bank's security manager was custodial in nature requiring Miranda warnings and suppressing statements). Mr. Barlow submits that at the evidentiary hearing, the facts will demonstrate that he was not free to leave on the train and that his statement was therefore made involuntarily and only as a result of improper interrogation by the officers on the train. It must therefore be suppressed.

    **B. December 1, 2005, Statements after Mr. Barlow's arrest**

According to the ATF Report of Investigation submitted by Special Agent Paul Greenfield, after the United States Marshals removed Mr. Barlow from the closet where they found and handcuffed him, they allegedly recovered a gun. Mr. Barlow "denied that the gun was his but did state that the gun did not work." ATF Report at 1, ¶ 5. In addition, Senior Inspector O'Neill alleges that Mr. Barlow "spontaneously said upon his arrest that he 'thought he might have had problems' in the District of Columbia." Gov't Opp'n at 10. Mr. Barlow submits that these statements were made after he was arrested, handcuffed, and in custody, and that they were

made in response to the questioning of the United States Marshals. Again, the inquiry is "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). Certainly, no reasonable person would understand him or herself not to be in custody after being both arrested and handcuffed. As such, the statements were clearly both involuntary and the result of custodial interrogation, and they must also be suppressed.

## CONCLUSION

Mr. Barlow contends that all statements must be suppressed due to the fact that they were involuntary and took place while he was in custody. Because it is the government's burden of proof to establish that Mr. Barlow voluntarily waived his Miranda rights, and because there are disputed issues of material fact, it is submitted that the Court must hold an evidentiary hearing in order for the parties to present evidence on all the issues set forth in Mr. Barlow's Motion to Suppress. Mr. Barlow submits that the evidence will demonstrate that his statements, the blue duffel bag and its contents, the saliva buccal cell sample taken from Mr. Barlow, and the gun allegedly found after Mr. Barlow's arrest must all be suppressed.

Respectfully submitted,

A. J. KRAMER
Federal Public Defender

_____
RITA BOSWORTH
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500