



U.S. Department of Justice

United States Attorney

District of Columbia

Judiciary Center
555 Fourth St. N.W.
Washington, D.C. 20001

March 9, 2006

**FILED**

**MAR 3 0 2006**

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

Rita Bosworth, Esquire
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20001

Re: **United States v. Anthony Barlow**
Criminal Number: 05-261 (RWR)

Dear Ms. Bosworth:

This letter confirms the agreement between your client, Anthony Barlow, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

Anthony Barlow's Obligations, Acknowledgments and Waivers:

1. Your client, Anthony Barlow, agrees to admit guilt and enter a plea of guilty to the one-count in the pending indictment, in violation of 18 U.S.C. Section 922(g)(1). Your client understands that pursuant to 18 U.S.C. Section 924(a)(2) the charge carries a penalty of not more than 10 years imprisonment, a period of supervised release of not more than three years but not less than two years and a fine in the amount of $250,000. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that your client will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of

Rev. 1/18/05 daj

supervised release and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

   2. The Government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in this agreement. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

   3. In addition, your client agrees to waive your client's interest in and not to contest the administrative forfeiture of the following property: Colt .357 Magnum revolver, Serial # 19901U. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

   4. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury ,or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

   5. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

   6. ~~Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter.~~ ~~In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law.~~ In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government

Rev. 1/18/05 daj                                2

retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

## THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

8. The Government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. **The government agrees not to object to your request that the defendant be sentenced to the low end of the sentencing range.** Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her the plea of guilty in this case.

## General Conditions

9. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

10. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client

for any offense(s) committed within their respective jurisdictions.

11. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

KENNETH L. WAINSTEIN.
UNITED STATES ATTORNEY

Anthony Scarpelli
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Rita Bosworth, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 3/30/06

Anthony Barlow
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 3/30/06

Rita Bosworth, Esquire
Attorney for the Defendant

Rev. 1/18/05 daj

5

# FACTUAL PROFFER

The government has charged the defendant, Mr. Anthony Barlow in a one-count indictment with Unlawful Possession Of A Firearm And Ammunition By A Person Convicted Of A Crime Punishable By Imprisonment For A Term Exceeding One Year. The defendant had previously been convicted in New York Supreme Court Criminal Case Number 10028-2000.

If this case would have gone to trial the government would have proven the following, beyond a reasonable doubt: On November 12, 2004, at approximately 11:00 a.m., members of the Metropolitan Police Department's (MPD) Major Narcotics Branch, who were in plainclothes, conducted interdiction operations at Union Station in Washington, D.C. The MPD officers boarded Amtrak Train 79 and spoke to passengers on that train. MPD Detective Lorenzo James spoke to the defendant, Anthony Barlow, who was seated on the train and stated he was en route to Raleigh, North Carolina. Detective James identified himself and asked the defendant if he had any luggage with him. The defendant said that he was not traveling with any bags. The officers asked similar questions to other passengers on the train. Detective James and MPD Officer Erick Alvarado observed a blue duffel bag located in the overhead storage area immediately above where the defendant was seated. The officers asked the defendant if the duffel bag was his, the defendant said the bag was not his and that he did not know to whom it belonged. Detective James and Officer Alvarado asked each passenger in that same train car if the bag belonged to any of them. None of the passengers claimed the bag.

Once the defendant and the other passengers in that train car denied ownership of the duffel bag, the officers considered the bag abandoned and searched it. The officers' search of the bag revealed clothing, a toothbrush, toothpaste, cell phone accessories, and a Colt MKIII .357 caliber revolver, Serial No. 19901U. The gun was loaded with six rounds of .357 ammunition. After finding the gun, the MPD officers asked the defendant if they could ask him questions in private, in the foyer area of the train. The defendant agreed. Once there, the officers only asked the defendant for his identification and his travel itinerary. The defendant gave the officers his identification and again claimed that he did not own the bag, stated that he was on his way to a funeral in Raleigh, North Carolina, and offered to be fingerprinted and searched. According to Detective James, the defendant appeared to be nervous and spontaneously asked if he was in trouble. Detective James did not respond, and the officers seized the bag. The defendant continued on his way to North Carolina.

Detective James contacted Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Special Agent (SA) Jeff Meixner for assistance with the firearms investigation. SA Meixner processed the firearm and the ammunition for latent fingerprints. On March 16, 2005, a magistrate judge issued a search warrant to obtain blood, saliva, and buccal (cheek) cell samples from the defendant. On or about March 17, 2005, the defendant's mouth was swabbed with a cotton swab, to obtain his DNA. On or about May 25, 2005, a DNA analysis performed on the firearm and on a buccal cell sample from the defendant. The results of the test revealed the defendant's DNA profile was on the firearm, and the likelihood of a random match in the African American community is 1

in 220 million.

On December 1, 2005, Deputy U.S. Marshals executed an arrest warrant for the defendant at his mother's apartment in Brooklyn, New York.

The defendant had previously been convicted in New York Supreme Court Criminal Case Number 10028-2000.

### DEFENDANT'S ACCEPTANCE

I have read the Proffer of Evidence setting forth the facts as to my guilty plea to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment Exceeding One Year. I have discussed this proffer fully with my attorney, Rita Bosworth, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 3/30/06

*Anthony Barlow*
Anthony Barlow
Defendant

## Possession of Firearm After Conviction of Crime Punishable by More Than One Year

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant knowingly possessed a firearm, that is a handgun, or ammunition;

2. That the firearm or ammunition had been shipped or transported from one state to another; and

3. That, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a felony.