IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 05-261 (RWR) |
| v. ) | |
| ) | |
| ANTHONY BARLOW ) | |
| _____) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Mr. Anthony Barlow, through his counsel, Rita Bosworth, Assistant Federal Public Defender, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Barlow respectfully submits that he should be sentenced to a period of incarceration of fifty months.

## BACKGROUND

On July 12, 2005, the government filed a one-count indictment against Mr. Barlow, charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). The criminal conduct charged in the indictment occurred on November 12, 2004. Mr. Barlow was arrested in New York on December 1, 2005, he was arraigned in the District Court for the District of Columbia on January 10, 2006, and he has been held without bond at the D.C. Jail ever since then. Mr. Barlow pled guilty on March 30, 2006, and he is scheduled to be sentenced on June 30, 2006, at 12:15 p.m.

1

## DISCUSSION

### I.    THE POST-__BOOKER__ SENTENCING FRAMEWORK.

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing.  See 18 U.S.C. § 3553(a)(4)."  United States v. Booker, 543 U.S. 220, 264 (2005) (Breyer, J.).  While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> © to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available,

the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

> Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the <u>Booker</u> majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

> Taken together, the directives of <u>Booker</u>, as well as Sections 3553, 3661, and 3582 of

Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence.  With respect to *departures* from the Guideline range, in particular, courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland."  Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.


**II.    UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. BARLOW SHOULD RECEIVE A SENTENCE OF INCARCERATION OF 50 MONTHS**

        A.  Statutory Provisions

Pursuant to the applicable statutes, there is no minimum term of imprisonment, and the

3

maximum term of imprisonment is ten years for this Class C felony. 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

B.  Advisory Sentencing Guidelines

The Probation Office, using the 2005 Edition of the United States Sentencing Guidelines has concluded that the Base Offense Level in this case is 21 and that Mr. Barlow's criminal history category is V, resulting in an advisory Guideline range of 70 to 87 months.

C.  Other Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a), sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar  records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

Mr. Barlow understands that guns are a serious threat to the community and he regrets that he had a gun in his bag.  Though Mr. Barlow in no way wishes to diminish the seriousness of the offense, he notes that possession of a gun is not a violent crime, nor was any identifiable victim hurt as a result of his conduct.

*II. Characteristics of the Defendant*

As the Court can see from the PSR, Mr. Barlow was first arrested when he was 13 years old.  His youth was littered with crime, and this is in no small part because of the environment in which he grew up.  For all intents and purposes, Mr. Barlow did not have a father.  He was raised by his mother, who was and continues to be supportive of him, but due to the fact that she had five sons, she was rarely at home to supervise her children.  As a result, Mr. Barlow lacked the parental guidance that is so necessary for a child to succeed, particularly when the child grows up, as Mr. Barlow did, in public housing in Brooklyn, New York.

Mr. Barlow recalls that when he was younger he wanted to be a dentist or a doctor. Unfortunately, due to difficulties at school and lack of support, Mr. Barlow ceased attending classes at a young age.  He admits that he started hanging around with the wrong crowd, and he felt pressured to start committing crimes when he was but a child.  Once that occurred, he was always in and out of the system, and whenever he made it back on the street, he never received any services that would help him break the cycle of crime into which he had fallen.  He felt helpless, frustrated, and saddened that his life had taken a significantly different path from what he had once hoped it would.

Despite the extremely difficult circumstances he encountered, Mr. Barlow has shown that he has good character and a good heart. Though school was always challenging for him, Mr. Barlow took the initiative to complete his GED. Though his dreams of working in the medical profession never materialized, Mr. Barlow found that he enjoyed construction and has always been gainfully employed in that field. And though he never had a father of his own, Mr. Barlow was happily married from 1994-2002 to a woman who continues to stand by his side now, even though he is incarcerated. He also has a new fiancé, who is equally supportive and fond of Mr. Barlow. Clearly, he has learned from his experience of watching his mother struggle all by herself and he has not abandoned the women he loves, unlike his father.

Mr. Barlow accepts full responsibility for what he has done and he is deeply regretful for his actions. But he is hopeful that even after all the obstacles he has had to overcome, he will be able to turn his life around when he gets out of prison. He and his fiancé will not go back to New York; they will live in Pennsylvania so he is not around the same people on the streets. He hopes to perhaps take some community college classes on computers. And he hopes to be able to break this cycle of crime that has plagued him since he was a juvenile.

### III. Needs of the Community and Public

The community and the public have a right to be safe from guns and violence. However, they also have a responsibility to help their fellow human beings. Mr. Barlow is someone who has never received much help, though he desperately wants and needs it. The community would benefit if Mr. Barlow were able to take community college classes, settle down with his fiancé, and become a productive member of society.

*IV.  Based on the factors set forth in 18 U.S.C. § 3553(a), Mr. Barlow should receive a sentence below the guideline range, a sentence of 50 months*

Mr. Barlow agrees that he must serve some time in prison to pay for what he has done, but he implores the Court to consider the circumstances in which he grew up when executing his sentence.  According to the PSR, Mr. Barlow receives 6 criminal history points for 2 crimes that were committed 12 and 13 years ago, one in 1992 when Mr. Barlow was 18, and one in 1993 when Mr. Barlow was 20.  Given that those two offenses were so long ago, and given that Mr. Barlow was so young and misguided at the time, it would be appropriate to look to the guidelines that would apply were the points for those two crimes to be discounted.  In that event, Mr. Barlow's total criminal history points would be 6, putting him in a category III.  With a base offense level of 21, Mr. Barlow's guideline range would be 46-57 months.  Mr. Barlow urges the Court to consider that this guideline range is more appropriate.

In addition, the Court should consider that the maximum sentence for this crime is 10 years.  Mr. Barlow's current guidelines of 70-87 months put him at over half of the statutory maximum.  Mr. Barlow did not use the gun, he did not brandish the gun, he did not threaten anyone with the gun, he merely possessed it.  It would be unduly punitive to sentence Mr. Barlow to over half the statutory maximum when other similarly situated defendants engaging in the same conduct will have much lower sentences, simply because of two crimes that Mr. Barlow committed over 12 years ago.  As such, Mr. Barlow respectfully requests that the Court sentence him to a period of incarceration of 50 months.

## CONCLUSION

_____For the reasons set forth above, as well as for any others that it may deem fair and

reasonable, Mr. Barlow asks the Court to sentence him to a period of incarceration of 50 months.

Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes

set forth in 18 U.S.C. § 3553.  In addition, Mr. Barlow requests that the Court recommend that he

serve his sentence in Otisville, New York, so he can be close to his family.


Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500 ex.105

8